```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

| | |
|---|---|
| ROBERT A. BOSLEY, | CASE NO. C11-886 MJP |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| GREEN RIVER COMMUNITY COLLEGE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's response to the Court's sua sponte order to show cause as to jurisdiction. The Court has received and reviewed Plaintiff's response to the order to show cause (Dkt. No. 6), and DISMISSES the action for lack of subject matter jurisdiction.

Federal courts are courts of limited subject matter jurisdiction. See Charles Alan Wright, Arthur R. Miller, et al., 13 Federal Practice and Procedure § 3522 (3d ed.) (collecting cases). A plaintiff filing a complaint in federal court must allege facts sufficient to establish the court's subject matter jurisdiction. Id. In general, federal jurisdiction exists when either (1) a claim

arises under the Constitution or laws of the United States, or (2) dispute exists between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332; see Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction). If a federal court determines it lacks subject matter jurisdiction at any time during a dispute, that court must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Rosales v. United States, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

In his response to the order to show cause, Plaintiff fails to explain how the Court has jurisdiction over this matter. Plaintiff states that his "case involves invasion of privacy, slander, malicious harassment and prosecution, wiretapping, [and] entrapment into a false confession." (Dkt. No. 6 at 2.) Plaintiff has not explained or identified how these claims involve constitutional violations or violations of federal law. In reviewing the complaint and response, the Court is also unable to identify these claims as involving violations of the Constitution or federal law. The claims therefore do not fall within the Court's original jurisdiction. See 28 U.S.C. § 1331. Plaintiff has also failed to explain how the Court has diversity jurisdiction over this matter. See 28 U.S.C. § 1332. The pleadings reveal that Plaintiff and all Defendants are all alleged to be residents of the same state, Washington. The Court therefore finds no basis for its jurisdiction over Plaintiff's claims. The Court DISMISSES the action in its entirety for lack of subject matter jurisdiction.

Plaintiff's motion for appointment for counsel is DENIED AS MOOT, given the Court's lack of jurisdiction. (Dkt. No. 5.)

\\

\\

\\

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated this 13th day of June, 2011.

Marsha J. Pechman
United States District Judge